T.C. Memo. 2007-141

UNITED STATES TAX COURT

KIM H. BARNES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8025-06.                    Filed June 4, 2007.

Kim H. Barnes, pro se.

<u>Melinda K. Fisher</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's 2002 Federal income tax of $1,953.[1]  The issues for
decision are:  (1) Whether petitioner is entitled to an itemized

---

[1]  All section references are to the Internal Revenue Code,
as amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.  Amounts are rounded to the nearest
dollar.

deduction for charitable contributions of money; (2) whether petitioner is entitled to an itemized deduction for charitable contributions of property other than money; and (3) whether petitioner is entitled to a miscellaneous itemized deduction for unreimbursed employee expenses.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time she filed her petition, petitioner resided in Fort Washington, Maryland.

Respondent received petitioner's 2002 Federal income tax return on or about May 3, 2003. Petitioner reported total income of $37,734, itemized deductions of $26,611, exemptions of $6,000, taxable income of $5,123, tax of $513, a child tax credit of $513, and total tax of zero. Petitioner's itemized deductions included, among other things: Charitable contributions of money of $2,654; charitable contributions of property other than money of $1,841; and unreimbursed employee expenses of $10,645, which included $3,260 for a computer, $650 for books, $450 for supplies, and $6,285 for attorney's fees. Petitioner reported total payments of $137, which included withholding of $50 and an additional child tax credit of $87, and requested a refund of $137.

On January 27, 2006, respondent issued petitioner a notice of deficiency for 2002. Respondent disallowed petitioner's claimed itemized deductions for the charitable contributions and the unreimbursed employee expenses.[2] On the basis of the disallowance, respondent determined a deficiency in petitioner's 2002 Federal income tax of $1,953.

In response to the notice of deficiency, petitioner filed a petition with this Court on May 1, 2006. Contrary to the requirements of Rule 34(b)(4), the petition did not contain clear and concise statements of each and every error which petitioner alleged to have been committed by respondent in the determination of the deficiency. On May 16, 2006, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted. On May 19, 2006, the Court ordered petitioner to file an amended petition setting forth with specificity each error petitioner alleged respondent made in the determination of the deficiency. On July 10, 2006, petitioner filed a 132-page amended petition which consisted mainly of allegations of conspiracy by government agencies and third parties not related to this suit.

On August 16, 2006, the Court heard arguments on respondent's motion to dismiss for failure to state a claim.

---

[2] Respondent also increased petitioner's child tax credit from $513 to $600 but reduced the additional child tax credit from $87 to zero. Petitioner has not disputed this change.

Respondent conceded that, while most of the material in petitioner's amended petition was irrelevant, the following three sentences could be construed as stating a claim upon which relief could be granted:

> On December 15, 2005, or thereabout Barnes had received a second Notice of Tax Deficiency from the IRS.  It disputed Barnes Tax Filings for Tax Year 2002.

> \*    \*    \*    \*    \*    \*    \*

> All documents, receipts, and related paperwork deemed necessary to substantiate reasonable deductions taken by Mr. Edwards [petitioner's tax return preparer] on Barnes' taxes had been provided to Joe Edwards.

After the hearing, the Court denied respondent's motion and struck all but the above three sentences from petitioner's amended petition.  This case was tried in Washington, D.C., on March 26, 2007.

## OPINION

Section 161 provides for itemized deductions in computing taxable income.  However, deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that she is entitled to the deductions.[3]  See INDOPCO Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292

---

[3]  Under sec. 7491(a)(1), if the taxpayer introduces credible evidence with respect to any factual issue relevant to the taxpayer's liability for tax, the burden of proof shall shift to the Commissioner.  The burden of proof does not shift to respondent because petitioner did not maintain adequate records.  See sec. 7491(a)(2).

U.S. 435, 440 (1934); see also Rule 142(a).  The taxpayer has the burden of substantiating any deduction.  <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); see also Rule 142(a).

Section 170 allows an itemized deduction for charitable contributions.  Petitioner claimed an itemized deduction for charitable contributions of money of $2,654.  See sec. 1.170A-13(a), Income Tax Regs.  At trial, petitioner substantiated charitable contributions of money of $320, which included contributions of $225 to educational institutions and $95 to her church.  Petitioner testified that she did not have additional documentation to substantiate the remaining $2,334.  Petitioner alleged that her documents were destroyed because of flooding in her basement.  Petitioner testified that "the big flood" occurred in 2001.  Presumably, any documentation that would substantiate charitable contributions made during 2002 would not be in existence in 2001.  Additionally, there is no indication petitioner tried to obtain any reliable written records to reconstruct the alleged charitable contributions of money.  See sec. 1.170A-13(a)(1)(iii), Income Tax Regs.  Because petitioner failed to substantiate $2,334 of the claimed charitable contributions of money, we hold that petitioner is entitled to an itemized deduction of only $320 for charitable contributions of money.

Petitioner also claimed an itemized deduction for charitable contributions of property other than money of $1,841.  See sec. 1.170A-13(b), Income Tax Regs.  To substantiate the deduction, petitioner introduced into evidence receipts allegedly issued by the Purple Heart Service Foundation (the foundation), indicating petitioner donated various items of furniture to the foundation during 2002.  While the receipts indicate various contribution dates in 2002, the form for the receipts indicates a form revision date of February 2004.  Petitioner explained that she lost the original receipts in the basement flood, and she went back to the foundation to obtain new receipts.  Petitioner testified that she told someone at the foundation what she donated, and the person at the foundation filled in the receipts according to what petitioner said.  Petitioner could not explain how she determined the dates of contribution shown on the receipts and even testified that some of the donations were made in 2001.  We do not find the receipts to be reliable, as the person at the foundation simply put down the items petitioner told him to and the dates bear no relationship to when the alleged contributions were made.  See sec. 1.170A-13(b)(1) and (2), Income Tax Regs.  We hold that petitioner is not entitled to an itemized deduction for charitable contributions of property other than money.

Petitioner claimed a miscellaneous itemized deduction for unreimbursed employee expenses of $10,645, which included $3,260 for a computer, $650 for books, $450 for supplies, and $6,285 for attorney's fees.[4]  Petitioner failed to introduce any evidence regarding the alleged expenses for books, supplies, or attorney's fees.  Petitioner testified that she was sure she had supporting documents somewhere but did not bring them to trial.  Regarding the alleged unreimbursed employee expense for the computer, a receipt for a computer and related equipment was introduced into evidence.  However, the receipt indicated a date of August 20, 2001.  Petitioner failed to prove that she incurred unreimbursed employee expenses during 2002.  Therefore, we hold that petitioner is not entitled to a miscellaneous itemized deduction for unreimbursed employee expenses.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.

---

[4]  At trial, petitioner alleged respondent conceded she was entitled to deduct the attorney's fees.  There is no evidence in the record that supports petitioner's allegation, and we find respondent did not concede the matter.